UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **CHRISTOPHER M. FIORE,** ) | |
| ) | |
| **Petitioner,** ) | |
| v.  ) | **Case No. 06-CV-2085** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**ORDER**

On May 1, 2006, Petitioner, Christopher M. Fiore, filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).  In his Motion (#1), Petitioner's only claim is that his sentence should be vacated because this court "stated that by giving me the sentence, it will set an example for myself as well as for other[s] how serious in nature this offense is."  On May 30, 2006, the Government filed its Response to Petitioner's Motion (#6).  The Government argues that Petitioner's claim is procedurally barred.  The Government also argues, in the alternative, that Petitioner's claim is not cognizable on collateral review and fails on the merits.  Following this court's careful review, this court agrees with the Government's arguments.  Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

FACTS

On August 4, 2004, in Case No. 04-CR-20043, Petitioner was charged by indictment with one count of possession of child pornography.  On January 20, 2005, Petitioner pled guilty to the sole count of the indictment without a written plea agreement.  Petitioner faced a statutory maximum sentence of 10 years imprisonment.  18 U.S.C. § 2252(b)(2).

On May 4, 2005, a sentencing hearing was held before this court. Based on the characteristics

of Petitioner's offense, including the possession of hundreds of images of child pornography, the distribution of child pornography online, and images involving prepubescent children and displaying sadistic and masochistic conduct, Petitioner faced a sentencing range of 97 to 120 months under the advisory United States Sentencing Guidelines. Petitioner did not object to the advisory sentencing guideline range. At the sentencing hearing, this court sentenced Petitioner to 97 months imprisonment, a sentence at the bottom of the advisory guideline range. Importantly for Petitioner, this court ordered that Petitioner's term of imprisonment would run concurrently with Petitioner's term of imprisonment imposed in Case No. 04-CF-41 in Iroquois County, Illinois. Judgment of conviction was entered in May 5, 2005. Petitioner did not file a notice of appeal.

As noted, on May 1, 2006, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1), and the Government has filed its Response (#6).

## ANALYSIS

This court agrees with the Government that Petitioner's claim is procedurally defaulted because he failed to present it for direct appellate review. See Bousley v. United States, 523 U.S. 614, 621 (1998). Section 2255 is not a substitute for direct appeal and claims that were not raised on direct appeal are deemed waived. Barnickel v. United States, 113 F.3d 704, 705-06 (7th Cir. 1997). Petitioner failed to raise this claim on direct appeal and, thus, it is procedurally defaulted.

This court also agrees with the Government's alternative argument that Petitioner's claim is not cognizable on collateral review. Section 2255 applies to errors that involve a "fundamental defect which inherently results in a complete miscarriage of justice." Barnickel, 113 F.3d at 705-06, quoting Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992). Under this rigorous standard, Petitioner's claim that this court sentenced him "as an example" is not cognizable under Section 1155. Cf. Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993) (misapplication of Sentencing

2

Guidelines not cognizable under Section 2255); see also Taylor v. Gilkey, 314 F.3d 832, 833-34 (7th Cir. 2002).

This court further agrees with the Government's final argument that Petitioner's claim clearly fails on the merits. This court agrees that Petitioner's crime was serious, and it was appropriate for this court to impose a sentence that took into account the seriousness of the offense and the effect of the sentence upon Petitioner, as well as others who might commit this crime. The Government is correct that, among the statutory factors a district court is required to consider in imposing sentence are whether the sentence will reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). This court agrees that these statutory factors were properly considered in imposing sentence on Petitioner. Moreover, Petitioner's sentence falls within the advisory guideline range and is presumptively reasonable. See United States v. Williams, 436 F.3d 767, 769 (7th Cir. 2006). This court has no trouble concluding that Petitioner's claim is totally devoid of merit.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED.

(2) This case is terminated.

ENTERED this 9th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE