UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION
_____

| | |
|---|---|
| **CHRISTOPHER M. FIORE,** ) | |
| ) | |
| **Petitioner,** ) | |
| v. ) | **Case No. 06-CV-2085** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**OPINION**

On December 3, 2007, Petitioner, Christopher M. Fiore, filed a Motion to Vacate, Set Aside or Correct Sentence (#9) pursuant to 28 U.S.C. § 2255 in this case. Because this is Petitioner's second motion under 28 U.S.C. § 2255, this court concludes that it must be dismissed.

BACKGROUND

On August 4, 2004, in Case No. 04-CR-20043, Petitioner was charged by indictment with one count of possession of child pornography. On January 20, 2005, Petitioner pled guilty to the sole count of the indictment without a written plea agreement. On May 4, 2005, a sentencing hearing was held and Petitioner was sentenced to a term of 97 months imprisonment. Judgment of conviction was entered in May 5, 2005. Petitioner did not file a notice of appeal.

On May 1, 2006, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) which challenged the sentence imposed. On May 30, 2006, the Government filed a Response (#6). On November 9, 2006, this court entered an Opinion (#7) which found that Petitioner's claim was procedurally defaulted, not cognizable on collateral review, and without merit. Judgment was therefore entered in favor of the Government and the case was terminated.

ANALYSIS

As noted, Petitioner has now filed a new Motion under § 2255 in this case, again challenging

the sentence imposed. Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244. Morrison v. United States, 2006 WL 156823, at *1 (C.D. Ill. 2006). Petitioner did not receive authorization from the Seventh Circuit Court of Appeals to commence his successive § 2255 motion.

"A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). "Unless and until the movant seeks and obtains permission from the court of appeals to file such a motion, the district court is without jurisdiction to entertain his request." United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), cert. denied, 127 S. Ct. 2895 (U.S. 2007). Because Petitioner has not sought or obtained authorization from the court of appeals, this court has "no option other than to dismiss his motion." See Carraway, 478 F.3d at 849; Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (#9) is dismissed for lack of jurisdiction.

ENTERED this  4th  day of December, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE